## W. J. HOLMES v. LAKESIDE RAILWAY COMPANY.[1]

February 1, 1895.

No. 9054.

**Findings Sustained.**
Evidence *held* to justify the findings.

Appeal by plaintiff from a judgment of the district court for St. Louis county, Lewis, J., in favor of the defendant. Affirmed.

*John A. Keyes* and *J. L. Washburn*, for appellant.

*Cash, Williams & Chester*, for respondent.

MITCHELL, J. The cause of action set up in the complaint is the breach of a contract made October 25, 1892, by which the de-

[1] Reported in 62 N. W. 264.

fendant.agreed to sell and deliver to plaintiff for $60,000, its first mortgage bonds of the par value of $75,000, to be delivered and paid for on January 15 next ensuing. The answer denied the making of any such contract. Most of the findings of the court consist of a mere statement of the evidence, but the material fact is found that no such contract was ever consummated between the parties, and the only question of importance raised by this appeal is whether this finding was justified by the evidence. The evidence is largely documentary, consisting of letters and telegrams which passed between the parties; and the fact that they are numbered as exhibits, without much reference to their natural and chronological order, renders them very confusing and misleading. It is unnecessary, as well as impracticable, to make anything like an analysis of the evidence. Suffice it to say that, in our judgment, it would justify the finding of the court on one or more different theories: First. It would justify the conclusion that, according to the entire negotiations between them, the contemplated relation between the parties was not that of proposed seller and purchaser, but of seller and broker, with authority to place or sell the bonds for defendant to some other parties; the compensation of plaintiff, as broker, to be what he could get for them, over and above a specified price. If this was the understanding of the parties, then, clearly, no such contract as alleged was proved; and the conduct of plaintiff, after his return from the East, in refusing to disclose to whom, or on what terms, he had sold the bonds, amounted to a repudiation of his employment as broker. Second. Assuming that the parties contemplated a sale of the bonds by defendant to plaintiff, yet the evidence would justify a finding that defendant never agreed to sell them on the terms alleged, either because these terms varied from those stated in the so-called "option" of September 30, if that was still in force, or, if it was not, then because the defendant never agreed to sell them on any other or new terms.

Judgment affirmed.